IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MURALI KRISHNA PONNAPULA,

    Plaintiff,

vs.     No. 06-2350-B/V

DIANE M. CAMPBELL, et al.,

    Defendant.

---

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
AND
ORDER GRANTING LEAVE TO AMEND

---

On June 9, 2006, Plaintiff Murali Krishna Ponnapula, through counsel, filed a civil complaint, entitled "Complaint for Review of Plaintiff's Citizenship Application," against Diane M. Campbell, in her official capacity as Officer in Charge, United States Citizenship and Immigration Services for the Memphis, Tennessee Sub-Office; Stella Jarina, in her official capacity as District Director of United States Citizenship and Immigration Services ("USCIS") for the New Orleans District, and the USCIS, United States Department of Homeland Security ("DHS"). (Docket Entry ("D.E.") 1.) Plaintiff paid the civil filing fee. In his complaint, Ponnapula seeks a declaration that his application for citizenship be approved and injunctions directing that the USCIS

reopen his naturalization application nunc pro tunc, as of February 17, 1994; requiring that the USCIS schedule Plaintiff to take the oath of citizenship at the next scheduled session and that the oath be administered to him at that time; and requiring the USCIS to adjudicate the petition to reopen the application for naturalization fled on December 12, 2003.

On September 18, 2006, Defendants filed a motion to dismiss the action, pursuant to Fed. R. Civ. P. 12(b)(1), for want of subject-matter jurisdiction. (D.E. 2.) Plaintiff filed a response in opposition to that motion on November 9, 2006. (D.E. 6.)[1]

"When a defendant moves to dismiss for lack of subject matter jurisdiction 'the plaintiff has the burden of proving jurisdiction in order to survive the motion.'" Wisecarver v. Moore, 489 F.3d 747, 749 (6th Cir. 2007) (quoting Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir.1990)); see also Hollins v. Methodist Healthcare, Inc., 474 F.3d 223, 225 (6th Cir. 2007). "In addition, unlike Rule 12(b)(6) analysis, under which the existence of genuine issues of material fact warrants denial of the motion to dismiss, 'the court is empowered to resolve factual disputes when subject-matter jurisdiction is challenged.'" Hollins, 474 F.3d at 225 (quoting Moir, 895 F.2d at 269)). In this

---

[1] Pursuant to Local Rule 7.2(2), Plaintiff's response was due 30 days after service of the motion. He did not file a motion for an extension of time, see Local Rule 7.1(a), and the response does not disclose the reason for the tardy submission.

case, both parties have submitted documents in support of their positions, and neither party has requested an evidentiary hearing to develop the factual record on this motion.

Ponnapula was born in India on April 15, 1954, entered the United States as a non-immigrant on September 4, 1983, and obtained lawful permanent resident status ("LPR") on January 26, 1986. Plaintiff has resided in the United States since 1986. The Immigration and Naturalization Service ("INS") issued Plaintiff an alien card No. A 27 023 210. (Compl., ¶ 5.)[2]

Plaintiff's wife, Dhana Laxmi Ponnapula, is a naturalized United States citizen.[3] Plaintiff and his wife have two daughters. The older daughter, Hari Priya Ponnapula, age 23, is a naturalized United States citizen.[4] His younger daughter, Supriya Ponnapula, age 17, is a United States citizen who resides with Plaintiff and his wife. Five of Plaintiff's brothers and his sister are naturalized citizens of the United States. (Compl., ¶ 6.)

---

[2] As Defendants have pointed out (D.E. 2-1 at 3 n.4), as of March 1, 2003 the INS ceased to exist as an agency of the Department of Justice, and its functions were transferred to three agencies within the DHS: (1) the United States Immigration and Customs Enforcement ("ICE"), responsible for enforcing the immigration laws; (2) the Bureau of Citizenship and Immigration Services, responsible for administering services and benefits under the immigration laws; and (3) the Bureau of Customs and Border Protection, responsible for the United States Border Patrol. See 68 Fed. Reg. 10,922-01 (Mar. 6, 2003), 2003 WL 735330; see also Brown v. Ashcroft, 360 F.3d 346, 348 n.1 (2d Cir. 2004).

[3] Plaintiff's wife became a naturalized citizen on April 19, 1992. (D.E. 6-2 at 2.)

[4] Ponnapula's daughter became a naturalized citizen on October 1, 1992. (D.E. 6-2 at 3.)

Plaintiff submitted an application for naturalization (Form N-400) on June 11, 1993. (Compl., ¶ 8.) In that application, he listed his address as "6597 POPLAR WOODS CR S. APT #3" in Memphis, Tennessee. (D.E. 2-2 at 1.) On November 22, 1993, Plaintiff was interviewed in connection with his naturalization application. At the close of that INS interview, the agency stamped the application "approved." (Compl., ¶ 8; D.E. 2-2 at 1.)[5] In January, 1994, the INS mailed Plaintiff a notice to appear for administration of his oath of allegiance on February 17, 1994. Subsequent notices were mailed to Plaintiff directing his appearances on May 4, 1994 and July 14, 1994. (Compl., ¶ 9.) On November 9, 1994, the INS sent Ponnapula a notice of the denial of his naturalization application due to his failure to appear at the swearing-in ceremonies. (D.E. 2-1 at 3; D.E. 2-2 at 45.) That notice stated in pertinent part as follows: "If you desire to request a review hearing on this decision pursuant to Section 336(a) of the Act, you must file a request for a hearing within 30 days of the date of this notice. If no request for hearing is filed within the time allowed, this decision is final." (D.E. 2-2 at 45.) Plaintiff did not file a timely request for a hearing. In the complaint, he asserts that he "learned of the notices through an

---

[5] Defendants contend that the approval of Ponnapula's application was made in reliance on a material misstatement of fact. Plaintiff represented that he had never been charged with a crime (D.E. 2-2 at 3), when, in fact, he was indicted by the State of New York on June 24, 1993, for larceny and falsification of business records. Plaintiff was convicted at trial, having rejected a plea deal to a misdemeanor, and was sentenced to one to three years in prison. See Ponnapula v. Spitzer, 297 F.3d 172, 178-79 (2d Cir. 2002).

application for his records which he filed pursuant to the Freedom of Information Act in 2004." (Compl., ¶ 10.)[6]

The notices mailed by the INS in 1994 were not correctly addressed. At some time, Plaintiff and his family moved within the same apartment complex from Apartment 3 to Apartment 6. Plaintiff has filed a document suggesting that, on January 10, 1994, he notified the INS of his new address at "6597 Poplar [W]oods Circle S, Apt #6," in Memphis. (D.E. 6-2 at 16.)[7] The notices mailed by the INS were addressed to "6597 Poplar Woods #3," in Memphis, Tennessee. (D.E. 2-2 at 45.) According to an affidavit submitted by the manager of Plaintiff's apartment complex, the complex includes both a "6597 Poplar Circle South," on the south side of the

---

[6] This allegation can mean either that Ponnapula was unaware, until 2004, that his naturalization application had been denied or that he first realized, upon examining the documents in 2004, that there was a typographical error in the address used by the INS. If this contention means that Plaintiff did not learn of the disposition of his naturalization application until 2004, it appears to be contradicted by a legal brief filed on his behalf in the United States Court of Appeals for the Third Circuit on November 18, 2003. In that document, which was filed in connection with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 that successfully challenged a removal order, Plaintiff's attorney stated:

> Ironically, petitioner, like every other member of his family, had been approved to become a United States citizen and was planning to take the oath in 1993. He did not do so, in part, because he was indicted for this offense before the oath could be administered.

Brief of Appellee, Ponnapula v. Ashcroft, No. 03-1255 (3d Cir.), at D.E. 2-2 at 46. The Third Circuit adopted this factual representation in its opinion granting hardship relief from deportation. Ponnapula v. Ashcroft, 373 F.3d 480, 486 (3d Cir. 2004).

[7] In a form filed with the INS on or about June 12, 2001, Plaintiff represented that the move to Apartment 6 occurred in March, 1991 (D.E. 2-2 at 5), two years before he filed his application for naturalization. It is not clear whether Plaintiff moved while his application for naturalization was pending or whether, as the Government argues, he misstated his address on his naturalization application.

5

property, and a "6597 Poplar - U.S. Highway 72," on the north side of the property. (D.E. 6-2 at 6; see also id. at 7.)[8] With the sole exception of the notice of the denial of Plaintiff's application for naturalization, the record does not reflect whether any of the notices mailed by the INS were returned as undeliverable or as unclaimed.[9] The November 9, 1994 notice, which was sent by certified mail to "6597 Poplar Woods #3" and was forwarded by the Post Office to "#6," was returned as unclaimed. (D.E. 2-2 at 45-47.) It is not clear whether the Post Office attempted delivery at Plaintiff's address or at the other "6597 Poplar Woods" address, although the correction to the apartment number made by the Post Office suggests they were aware of the intended destination. The statement in the brief filed on Plaintiff's behalf with the Third Circuit, see supra p. 5 n.6, also precludes the Court from finding that Plaintiff lacked actual knowledge of the disposition of his naturalization application.[10]

In his complaint, Ponnapula asserted two bases for subject-matter jurisdiction. The complaint cites 28 U.S.C. §

---

[8] In his memorandum in response to the motion to dismiss, Ponnapula states that there are actually four streets in the complex with the street name of "Poplar Woods," (D.E. 6-1 at 3), but the map makes clear that there is no street address similar to 6597 on either Poplar Woods Circle—East or Poplar Woods Circle—West (D.E. 6-2 at 7).

[9] Plaintiff apparently did receive the notice directing him to appear for his citizenship interview on November 22, 1993.

[10] Plaintiff does not state whether he ever inquired of the INS about the asserted delay in the processing of his naturalization application. As Plaintiff's wife and older daughter were naturalized on April 19, 1992 and October 1, 1992, respectively, Plaintiff likely had some knowledge of the time it took the INS to process a naturalization application.

1391(b), a venue provision that does not confer subject-matter jurisdiction. Andrus v. Charlestone Stone Prods. Co., 436 U.S. 604, 607 n.6 (1978).

Plaintiff also relies on 8 U.S.C. § 1421(c), which provides:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

The hearing under § 1447(a) is an administrative appeal of a denied naturalization application. The exhaustion requirement, imposed by statute, is jurisdictional. Idahosa v. Bureau of Immigration & Customs Enforcement, 111 F. App'x 293, 294 (5th Cir. 2004) (per curiam); Levy v. Davis, 83 F. App'x 602, 602-03 (5th Cir. 2003); Alshaif v. Chertoff, No. CV F 06 0938 LJO WMW, 2007 WL 1725474, at *2 (E.D. Cal. June 14, 2007) (citing United States v. Hovsepian, 359 F.3d 1144, 1162 n.15 (9th Cir. 2004)); Sidhu v. Chertoff, No. CV F 06-1536 AWI DLB, 2007 WL 1119690, at *3 (E.D. Cal. Apr. 16, 2007); Ogunwomojo v. District Dir. of Citizenship & Immig., No. 05-CV-266 (DLI)(LB), 2007 WL 764537, at *2 (E.D.N.Y. Mar. 9, 2007); Zaidi v. Chertoff, No. 06 C 1133, 2006 WL 3147722, at *4 (N.D. Ill. Nov. 1, 2006); Amin v. U.S. Citizenship & Immig. Servs., No. 4:06 CV 0848, 2006 WL 2645137, at *3 (N.D. Ohio Sept. 14, 2006);

7

Blumenberg v. Nash, No. Civ.A. 05-5315(NLH), 2006 WL 2352527, at *3 (D.N.J. Aug. 14, 2006); Mahapatra v. Melville, No. Civ.A.1:06CV0341-GET, 2006 WL 1734259, No. Civ.A.1:06CV0341-GET at *2 (N.D. Ga. June 20, 2006); Farah v. Gonzales, No. Civ. 05-1944 DWFAJB, 2006 WL 1116526, at *2 (D. Minn. Apr. 26, 2006); Fuks v. Divine, No. 05 C 5666, 2006 WL 1005094 , at *4 (N.D. Ill. Apr. 14, 2006); see also Olivares v. INS, 42 F. App'x 773, 773-74 (6th Cir. 2002) (rejection for filing of application for naturalization as "frivolous" not reviewable under § 1421(c)).[11] As Plaintiff did not seek an administrative appeal under § 1447(a), this Court does not have subject-matter jurisdiction under § 1421(c).

Ponnapula concedes that he did not take an administrative appeal, but he contends there is an exception to the exhaustion requirement where an applicant is precluded from pursuing an appeal due to an error by the agency. Plaintiff relies on Baez-Fernandez v. I.N.S., 385 F. Supp.2d 292, 295 (S.D.N.Y. 2005), which recognized an exception to the exhaustion requirement "where denial of jurisdiction would work a manifest injustice." The decision in Baez-Fernandez relied on the Second Circuit's decision in Marrero

---

[11] Under 8 U.S.C. § 1421(a), "[t]he sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General." ("The Homeland Security Act of 2002, Pub.L. No. 107-296, § 1512(d), 116 Stat. 2135, 2310, transferred the authority to naturalize from the Attorney General to the Secretary of the DHS." Stepchuk v. Gonzales, No. C06-570RSL, 2006 WL 3361776, at *1 n.2 (W.D. Wa. Nov. 17, 2006).) Thus, this Court "lacks independent jurisdiction to order [Plaintiff] naturalized. . . . District courts are relegated to reviewing de novo denials of naturalization applications by immigration officers." Mendonca v. INS, 52 F. Supp.2d 155, 163-64 (D. Mass. 1999); see also Levy v. INS, 6 F. App'x 331, 332 (7th Cir. 2001).

8

Pichardo v. Ashcroft, 374 F.3d 46 (2d Cir. 2004), which involved a challenge to an order of removal where a subsequent judicial decision had eliminated the legal basis for the removal order. Although the petitioner had not appealed his deportation order to the Bureau of Immigration Appeals before filing a habeas petition, the Second Circuit concluded, on the unique facts of that case, that failure to consider the petitioner's claim would work a manifest injustice. Id. at 54. In Baez-Fernandez, which involved an alien whose application for naturalization had been denied because a removal action was pending, the court distinguished Marrero Pichardo on the basis that the plaintiff had not been ordered removed and he appeared to be eligible for a waiver of the grounds of inadmissibility under former § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c).

      In this case, Plaintiff has not satisfied his burden of demonstrating that application of the exhaustion requirement would work a manifest injustice. Although the notices mailed by the INS contained a typographical error attributable to the INS, Plaintiff has not established that he did not have actual knowledge of the various notices mailed by the INS or of the denial of his naturalization application. The documents submitted by the parties do not permit the Court to reach any conclusion as to Plaintiff's lack of actual knowledge. Because he has not presented evidence that application of the exhaustion requirement would work a

9

manifest injustice, it is not necessary for the Court to conduct an evidentiary hearing to resolve the matter of Plaintiff's knowledge of the denial of his application.

Even if it were assumed that he lacked knowledge of the denial of his application due to an error of the INS, Plaintiff has made no persuasive argument that application of the waiver doctrine would result in manifest injustice. This case is similar to Baez-Fernandez, as Plaintiff is not subject to a removal order. Instead, as a result of Ponnapula v. Ashcroft, he is a lawful permanent resident, having been granted a waiver under INA § 212(c). Thus, application of the exhaustion requirement of § 1421(c) does not threaten Plaintiff's long residence in the United States or the interest of his wife and daughter in remaining in this country with Plaintiff.[12]

Therefore, this Court lacks subject-matter jurisdiction under 8 U.S.C. § 1421(c).

---

[12] The November 9, 1994 notice advised Plaintiff that he was eligible to reapply for naturalization "at [his] discretion." (D.E. 2-2 at 45.) Plaintiff has not explained why he did not seek to reapply for naturalization but, instead, seeks to reopen an application that was denied almost 12 years prior to the commencement of this action. The fact that a new application would be denied because of Plaintiff's felony conviction does not establish the manifest injustice required to waive the exhaustion requirement for his first application, as naturalization is a privilege, not a right. In re Jow Gin, 175 F.2d 299, 303 (7th Cir. 1949); see also United States v. Mandycz, 447 F.3d 951, 956 (6th Cir. 2006) ("[N]aturalization remains 'a privilege to be given or withheld on such conditions as Congress sees fit.'") (quoting Schneiderman v. United States, 320 U.S. 118, 131 (1943)); United States v. Wasylyk, 162 F. Supp.2d 86, 89 (N.D.N.Y. 2001) ("[N]o alien has the slightest right to naturalization unless all statutory requirements are complied with.'") (quoting United States v. Ginsberg, 243 U.S. 472, 475 (1917)); Puciaty v. U.S. Dep't of Justice, I.N.S., 125 F. Supp.2d 1035, 1038 (D. Hawaii 2000) ("There is no natural or inherent right to become a United States citizen. . . . Citizenship is a gift or a privilege which the government may refuse or may grant on such conditions as it may prescribe.") (citation omitted).

In his brief in response to the motion to dismiss, Plaintiff also argues that the Court has subject-matter jurisdiction under 8 U.S.C. § 1447(b). (D.E. 6-1 at 1, 9.) The complaint does not assert this basis for jurisdiction and, as a result, Defendants have not had an opportunity to respond to this assertion.

The Court GRANTS Defendants' motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1), for want of subject-matter jurisdiction. The Court CONSTRUES the statements in Plaintiff's brief, filed on November 9, 2006, as a request for leave to amend and, as so construed, GRANTS leave to amend. Plaintiff is ORDERED to file an amended complaint within thirty (30) days of the date of entry of this order.

As the motion to dismiss has been granted, Defendants' motion for summary judgment, filed on July 26, 2007 (D.E. 11), is DENIED as moot. The non-jury trial set for September 24, 2007 is CANCELLED.

IT IS SO ORDERED this 11th day of September, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE